UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| Olivia Johnson Ahrens, | ) | Civil Action No.: 4:02-0939-RBH |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **ORDER** |
| | ) | |
| Williamsburg County, Lois Y. Martin, and | ) | |
| Samuel E. Drucker, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

In this matter, the plaintiff, Olivia Johnson Ahrens ("Ahrens"), alleges employment discrimination based upon her employment and subsequent termination with Williamsburg County. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(A), and Local Rule 73.02(B)(2)(g), D.S.C., all pretrial matters in employment discrimination cases are referred to a United States Magistrate Judge for consideration.

Plaintiff filed this case, *pro se*, on March 21, 2002. She filed her amended complaint on November 5, 2003. Defendants filed a Motion to Dismiss, pursuant to Federal Rules of Civil 12(b)(1) and (6), and for Summary Judgment, pursuant to Federal Rule of Civil Procedure 56, on August 30, 2004. Because the plaintiff is proceeding *pro se*, she was advised by order dated September 1, 2004, pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), that a failure to respond to the defendants' motion for summary judgment with additional evidence or counter-affidavits could result in the dismissal of her complaint. Plaintiff filed a response on October 4, 2004.

This matter is now before the undersigned for review of the Report and Recommendation ("the Report") filed by United States Magistrate Judge Thomas E. Rogers, III, to whom this case had

1

previously been assigned pursuant to 28 U.S.C. § 636(b)(1)(A) and Local Rule 73.02(B)(2)(g).  In his Report, Magistrate Judge Rogers carefully considers these issues and recommends that the defendants' Motion for Summary Judgment be granted as to plaintiff's federal claims and the remaining state law claims be dismissed for lack of jurisdiction pursuant to 28 U.S.C. § 1367(c)(3). Plaintiff filed objections to the Report  on February 24, 2005.  Defendants filed a response to plaintiff's objections on March 2, 2005.

In her objections the plaintiff alleges that the Report's finding that the defendant is entitled to summary judgment is in error.  The plaintiff alleges the following objections: (1) objection to the statement that she must exhaust her administrative remedies, (2) factual objections as to personnel issues, (3) factual objections as to reimbursement approval, and (4) objection to the statement that plaintiff does not show evidence relative to her claims.

In conducting this review, the Court applies the following standard:

> The magistrate judge makes only a recommendation to the Court, to which any party may file written objections . . . . The Court is not bound by the recommendation of the magistrate judge but, instead, retains responsibility for the final determination.  The Court is required to make a *de novo* determination of those portions of the report or specified findings or recommendation as to which an objection is made.  However, the Court is not required to review, under a *de novo* or any other standard, the factual report and recommendation to which no objections are addressed.  While the level of scrutiny entailed by the Court's review of the Report thus depends on whether or not objections have been filed, in either case, the Court is free, after review, to accept, reject, or modify any of the magistrate judge's findings or recommendations.

*Wallace v. Housing Auth. of the City of Columbia*, 791 F. Supp. 137, 138 (D.S.C. 1992) (citations omitted).

### Rule 12(b)(1) Standard

The plaintiff has the burden of proving federal jurisdiction is proper.  *McNutt v. General Motors Acceptance Corp.*, 298 U.S. 178, 189 (1936); *Adams v. Bain*, 697 F.2d 1213, 1219 (4th Cir.

1982). When challenging the complaint for lack of subject matter jurisdiction under Rule 12(b)(1), the defendant may make either a facial or a factual attack on the complaint. *Courtney v. Choplin*, 195 F. Supp. 2d 649 (D.N.J. 2002). A *facial* challenge attacks the factual allegations found on the face of the complaint; whereas, a *factual* challenge attacks the underlying facts in the complaint. *Loughlin v. United States*, 230 F. Supp. 2d 26, 35-36 (D.D.C. 2002). When considering a facial attack, the Court must assume that the facts in the complaint are true, similar to the standard applied when ruling on a Rule 12(b)(6) motion. *Adams*, 697 F.2d at 1219. When considering a factual challenge, the court may "go beyond the allegations of the complaint and in an evidentiary hearing determine if there are facts to support the jurisdictional allegations." *Id.*

Challenges based upon the plaintiff's failure to exhaust administrative remedies may be either facial or factual. *See, e.g., Hearns Concrete Construction Co. v. City of Ypsianti*, 241 F. Supp. 2d 803, 810 (E.D. Mich. 2003). In this case, the defendants have not declared whether its attack is facial or factual in nature. However, because jurisdictional challenges "impose[] on the court an affirmative obligation to ensure that it is acting within the scope of its jurisdictional authority," *Grand Lodge of the Fraternal Order of Police v. Ashcroft*, 185 F. Supp. 2d 9, 13 (D.D.C. 2001), ". . . the Court may consider documents outside the pleadings to assure itself that it has jurisdiction." *Land v. Dollar*, 330 U.S. 731, 735 n.4 (1947).

Dismissal for lack of subject matter jurisdiction under Rule 12(b)(1) is proper only if the claim is "so insubstantial, implausible, foreclosed by prior decisions of this Court, or otherwise completely devoid of merit as not to involve a federal controversy." *Growth Horizons, Inc. v. Delaware County, Pa.,* 983 F.2d 1277, 1280-81 (3d Cir. 1993) (*quoting Oneida Indian Nation v. County of Oneida*, 414 U.S. 661, 666 (1974)). "The threshold to withstand a motion to dismiss under Fed. R. Civ. P. 12(b)(1) is thus lower than that required to withstand a Rule 12(b)(6) motion." *Lunderstadt v. Colafella,* 885

3

F.2d 66, 70 (3d Cir. 1989).

## Rule 12(b)(6) Standard

A motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure tests the legal sufficiency of the complaint. *See Randall v. United States,* 30 F.3d 518, 522 (4th Cir. 1994). The Court will grant a motion to dismiss only when it appears that the plaintiff can prove no set of facts in support of a claim that would entitle the plaintiff to relief on that claim. *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957); *Chisholm v. TransSouth Fin. Corp.,* 95 F.3d 331, 334 (4th Cir. 1996).

When considering a motion to dismiss, the court must view the complaint in the light most favorable to the plaintiff and resolve every doubt in the plaintiff's favor. Thus, the plaintiff's allegations are to be taken as true for the purpose of ruling upon the motion. *Jenkins v. McKeithen*, 395 U.S. 411, 421-22 (1969). In addition, any inference reasonably drawn from the complaint must be considered together with plaintiff's allegations of fact. *Murray v. City of Milford,* 380 F.2d 468, 470 (2d Cir. 1967). The Court may not, however, consider conclusions of law or unwarranted deductions of fact. *Mylan Laboratories, Inc. v. Akzo*, *N.V.*, 770 F. Supp. 1053, 1059 (D. Md. 1991). The Court must limit itself to consideration only of those facts alleged in the complaint and may not consider matters outside the pleading. Fed. R. Civ. P. 12(b)(6); *see Winchester Homes, Inc. v. Osmose Wood Preserving, Inc.,* 37 F.3d 1053, 1054 (4th Cir. 1994).

## Summary Judgment Standard

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). It is well established that summary judgment should be granted "only when it is clear that there

4

is no dispute concerning either the facts of the controversy or the inferences to be drawn from those facts." *Pulliam Inv. Co. v. Cameo Properties*, 810 F.2d 1282, 1286 (4th Cir. 1987).

The party moving for summary judgment has the burden of showing the absence of a genuine issue of material fact, and the Court must view the evidence before it and the inferences to be drawn therefrom in the light most favorable to the nonmoving party. *United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962). When the defendant is the moving party and the plaintiff has the ultimate burden of proof on an issue, the defendant must identify the parts of the record that demonstrate the plaintiff lacks sufficient evidence. The nonmoving party, here the plaintiff, must then go beyond the pleadings and designate "specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e); *see also Celotex Corp. v. Catrett*, 477 U.S. 317 (1986).

A party "cannot create a genuine issue of material fact through mere speculation or the building of one inference upon another." *Beale v. Hardy,* 769 F.2d 213, 214 (4th Cir. 1985). Therefore, "[m]ere unsupported speculation . . . is not enough to defeat a summary judgment motion." *Ennis v. National Ass'n of Bus. & Educ. Radio, Inc.,* 53 F.3d 55, 62 (4th Cir. 1995).

### Facts

The Court agrees with the factual and procedural background as set forth by the Magistrate Judge in his Report and Recommendation. The Court therefore adopts the Magistrate Judge's version of the facts in this case to the extent such facts are not specifically included herein.

The Williamsburg County Tax Assessor's Office hired plaintiff as a clerk in November of 1992. Throughout plaintiff's employment at the Tax Assessor's Office, Lois Martin was the County Tax Assessor. Approximately six (6) months after she was hired, plaintiff was promoted to the position of Assistant Mapper/Drafter. In January of 1998, plaintiff was promoted to the position of Assistant Appraiser.

5

After she was promoted, plaintiff submitted grievances to Ms. Martin concerning two female employees in the Tax Assessor's Office, but these grievances did not complain about Ms. Martin's behavior. On March 2, 1998, plaintiff filed a grievance concerning Betty Owens and Catherine Pierce. Ms. Martin conducted a hearing on this grievance on March 5, 1998, and issued a written finding on March 6, 1998, stating that "Mrs. Owens is requested to refrain from commenting on fellow employees during office hours." Then, on February 19, 1999, plaintiff filed a grievance against Betty Owens and Catherine Pierce "for defamation, harassment & deception to the supervisor."[1]

On April 15, 1999, plaintiff completed a form requesting leave for a conference she attended. Plaintiff alleges that she had permission to attend this conference. Defendants allege that plaintiff had been informed by Ms. Martin that she would not be reimbursed or paid for attending the conference. Plaintiff submitted a grievance relating to Ms. Martin's denial of reimbursement. Plaintiff met with Williamsburg County Administrator, Richard Treme, on May 4, 1999. At this meeting Treme terminated the plaintiff's employment.

### Administrative Remedies

The plaintiff objects to the Magistrate Judge's statement that she was required to "first exhaust administrative remedies with EEOC" before bringing this lawsuit. Plaintiff cites no case law in support of her objection. Rather, she alleges that she filed her complaint with the EEOC within ninety (90) days of her termination hearing. However, the plaintiff admits that the "EEOC responded [to her complaint] by stating the statute of limitations was ninety (90) days after termination not

---

[1] Apparently no hearing was held on this grievance prior to plaintiff's termination. However, defendants submit that plaintiff received a letter dated March 8, 1999, from the Vice Chairman of the Williamsburg County Council in response to her grievance.

6

termination hearing and therefore could not assist." (Objections p. 1) Plaintiff additionally alleges that the "County Council did not allow a termination hearing for nine (9) months which already surpasses the deadline" and that "the Defendant's did not follow administrative procedure before, during, or after the Plaintiff's termination." (Objections p. 1)

Defendants move pursuant to Federal Rule of Civil Procedure 12 (b)(1) and (6) to dismiss the plaintiff's complaint on the basis that it is insufficient to state a claim for a violation of Title VII. They argue that plaintiff has failed to exhaust her administrative remedies by failing to file a complaint with the EEOC. They argue that they were never put on notice that an EEOC complaint had been filed. Defendants point out that plaintiff provides no reference to the record in support of her assertion that she filed a complaint with the EEOC within ninety (90) days of her termination hearing.

Before a plaintiff has standing to file suit under Title VII, she must first exhaust her administrative remedies by filing a charge with the EEOC. *See Smith v. First Union Nat'l Bank*, 202 F.3d 234, 247 (4th Cir. 2000). The purpose of this requirement is to allow the agency to notify potential defendants of the discrimination claim and to provide the agency with information necessary to investigate the claim and attempt conciliation. *Green v. Whirlpool Corp.*, 708 F.2d 128 (4th Cir. 1983). Additionally, the EEOC charge defines the scope of the plaintiff's right to institute a civil suit. *Id.*; *see also Smith*, 202 F.3d at 247. Because plaintiff has failed to present this Court with evidence, other than her own unsworn statements, that she filed an EEOC complaint, or complaint with the appropriate state agency, raising a Title VII claim within the time period required, such a claim is not properly before the Court and should be dismissed. See Evans v. Technologies Applications & Service Commission, 80 F.3d 954 (4th Cir. 1996).

Plaintiff also brings claims pursuant to 42 U.S.C. §§ 1981 and 1983. Plaintiff does not appear

7

to object to the Magistrate Judge's recommendation that her § 1981 claim be dismissed. Plaintiff's § 1983 claim does not require exhaustion of administrative remedies and may be maintained independently of a Title VII claim. *See Booth v. Maryland*, 327 F.3d 377, 383 (4th Cir. 2003); *Beardsley v. Webb*, 30 F.3d 524 (4th Cir. 1994). Section 1983 provides:

> Every person who, under color of any statute, ordinance, regulation, custom or usage, or any State and Territory or the District of Columbia, who subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law.

Discrimination claims involving public employment brought under 1983 are analyzed under the same framework as a claim brought under Title VII. *Beardsley*, 30 F.3d at 529; *Holder v. City of Raleigh*, 867 F.2d 823, 828 (4th Cir. 1986).[2]

### Factual Objections as to Personnel Issues

As to plaintiff's second objection, it is unclear to this Court, since plaintiff has made no reference to the Report and Recommendation, what portion of the Report and Recommendation to which she is objecting. Plaintiff states the following:

> The grievance filed March 2, 1998 strongly suggests that Ms. Martin did convey personnel issues with others which caused a great discomfort for the Plaintiff. Please take note that this is the same person, Ms. Betty Owens, in which the Plaintiff has had problems. Strongly suggesting Ms. Martins "behind the scenes" involvement with those issues. There are also witness's [sic] who are currently employed at the same office who will testify to the harassment endured by the Plaintiff. They were not deposed due to fear of retaliation against them. There is evidence contained in the letter to Council from Matthew McCray that indicate Ms. Martin's behavior years prior and constitutes gross negligence. The Plaintiff is only one of numerous employees that have complained about Ms. Martin. The Plaintiff made complaints known to the Supervisor and Council Members as admitted in admissions.

---

[2] Public officials "are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). Plaintiff does not object to the Magistrate Judge's recommendation that defendant Martin is entitled to qualified immunity as to plaintiff's § 1983 claim.

(Objections p. 2)  Plaintiff appears to be making an objection to the facts as they are presented by the Magistrate Judge.

> In their response the defendants state:

> The Plaintiff's second numbered objection contains numerous unsupported factual allegations with no reference whatsoever to the record in the case.  Even if the court were to divine that these allegations were in fact supported in the record, there is absolutely no nexus between any of the alleged facts to any evidence of discriminatory conduct.

(Defendants' Response p. 3)

Specific objections are necessary to focus the Court's attention on disputed issues.  *See Thomas v. Arn*, 474 U.S. 140, 147-48 (1985).  Because general objections to a Magistrate Judge's Report do not direct the Court's attention to any specific portion of the Report, they are tantamount to a failure to object.  *See Howard v. Secretary of Health & Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991); *see also Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982) (failure to file specific objections to particular conclusions in magistrate judge's report, after warning of consequences of failure to object, waives further review).  Plaintiff has failed to make her second objection with specificity such that this Court can determine her objection.

As mentioned above, plaintiff was informed of the procedures of motions to dismiss and summary judgment by *Roseboro* order issued by Judge Rogers on September 1, 2004.  That order specifically states:

> Whenever one or more affidavits or other material outside the pleading of a defendant . . . are served on a pro se plaintiff . . . , he cannot rest upon the allegations or denials of his own pleadings.  He has a right to file one or more opposing affidavits or other exhibits, and indeed must do so if his action is to survive.  If this is not done, the court may very well grant summary judgment against him.  [This is true also if the parties are all represented by counsel.]

> All affidavits submitted by pro se litigants must meet the standards required by Rule 56, which standards can be determined from the following quotation of a

9

portion of Rule 56(e):

> "(e) Supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein."

(*Roseboro* order, entered 09/01/04, p. 2)  Despite this specific warning, plaintiff has failed to provide any affidavits in support of her allegations either in response to the motion for summary judgment or in her objections.  The Fourth Circuit has held that a party "cannot create a genuine issue of material fact through mere speculation or the building of one inference upon another." *Beale v. Hardy,* 769 F.2d 213, 214 (4th Cir. 1985).  Therefore, "[m]ere unsupported speculation . . . is not enough to defeat a summary judgment motion." *Ennis v. National Ass'n of Bus. & Educ. Radio, Inc.,* 53 F.3d 55, 62 (4th Cir. 1995).  Plaintiff's allegations in her second objection are nothing more then unsupported speculation and are, therefore, not sufficient to create a genuine issue of material fact in response to defendant's motion for summary judgment.

### Factual Objections as to Reimbursement Approval

As with plaintiff's previous objection, plaintiff has made no reference to the Report and Recommendation in her third objection.  It appears to this Court that she is objecting to the facts presented by the Magistrate Judge with regard to her reimbursement request and the County's failure to act on her grievances filed against Betty Owens and Catherine Pierce.  Plaintiff disputes that she was told by Ms. Martin that she would not approve the reimbursement for the conference plaintiff attended.  Instead, she states:

> Ms. Martin did not indicate to the plaintiff that she would not approve the reimbursement.  The Plaintiff was directed by the Supervisor, Richard Treme, to turn in the request that same day.  The Plaintiff was not reimbursed for the conference with no discussion from Ms. Martin or Mr. Treme.  This is also the "Forged Document" that Mr. Treme cited as a reason for termination.  Plaintiff's question was "How can you terminate me if you told me to turn it in?"  This presents serious question as to the true reason for termination.  Williamsburg County would not have a female appraiser in

10

their employ.

(Objections p. 2)

Plaintiff also complains that her grievance against Ms. Owens and Ms. Pierce was not addressed. She asserts that the February 24, 1999 grievances filed by Owens and Pierce "were in retaliation of the Plaintiff's attempts to stop Ms. Owens harassment of the Plaintiff." (Objections p. 3) She alleges that "Richard Treme was already preparing my termination by allowing their grievance to enter the Plaintiff's employee record with no rebuttal and without answering the Plaintiff's grievance." (Objections p. 3)

Defendants argue that plaintiff must produce evidence that she suffered discrimination because of her gender in order to prove her case of intentional employment discrimination, which they allege she has failed to do. Defendants acknowledge the grievance plaintiff filed against two of her co-workers, Ms. Owens and Ms. Pierce, on February 19, 1999. At her deposition, plaintiff was asked to explain the reasons for her filing this grievance and she did so. Defendants argue that plaintiff's deposition response "is representative of the conflict which existed in the assessor's office at that time." (Defendants' Response p. 4) Defendants provide the Court with previous grievances filed by the plaintiff against both Ms. Owens and Ms. Pierce (Exhibits 2 and 3) as well as other complaints made by Ms. Owens and Ms. Pierce concerning plaintiff's conduct (Exhibits 4 and 5).

Defendants disagree with plaintiff's assertion in her objections that her February 19, 1999 grievance was never answered. They have provided the Court with a March 8, 1999, letter (Exhibit 6) that the Vice-Chairman of the Williamsburg County Council forwarded the plaintiff. That letter informs the plaintiff that "after consultation with the County Attorney, under the policies of Williamsburg County this does not constitute a grievance hearing before the County Council." (Defendants' Response p. 5)

As discussed above with regard to plaintiff's second objection, plaintiff has not provided the Court with a specific objection to address.    However, the Court will construe this objection as relating to plaintiff's claim that she was discriminated against because of her gender since she states in this objection: "Williamsburg County would not have a female appraiser in their employ." (Objections p. 2)

This case is properly analyzed under the *McDonnell Douglas* framework. *See McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973).  Under this analysis, the plaintiff has the initial burden of demonstrating a *prima facie* case of discrimination.  To establish a *prima facie* case, plaintiff must show that (1) she is a member of a protected class; (2) she was qualified for the job and her job performance was satisfactory; (3) she suffered an adverse employment action; and (4) other employees who are not members of the protected class were retained under apparently similar circumstances. *Bryant v. Bell Atlantic Maryland, Inc.*, 288 F.3d 124, 133 (4th Cir. 2002).

If the plaintiff is able to establish a *prima facie* case, the burden shifts to the defendants to produce a legitimate, nondiscriminatory reason for the termination. *Texas Dept. of Community Affairs v. Burdine*, 450 U.S. 248, 254 (1981).  This is a burden of production, not one of persuasion. *St. Mary's Honor Center v. Hicks*, 509 U.S. 502, 506 (1993).  Once the defendant produces a legitimate, nondiscriminatory reason, the sole issue remaining is "discrimination *vel non*." *Reeves v. Sanderson Plumbing Products, Inc.*, 530 U.S. 133, 143 (2000).  Stated differently, the burden shifts back to the plaintiff to demonstrate by a preponderance of the evidence that the legitimate reason produced by the defendants is not the true reason for termination, but pretext for discrimination. *Id*.  In making this analysis, it is not necessary to decide "whether the reason was wise, fair, or even correct,

12

ultimately, so long as it truly was the reason for the plaintiff's termination."[3] *Hawkins v. Pepsico*, 203 F.3d 274, 279 (4th Cir. 2000).  It is the perception of the employer, not the employee, that is critical. *Hawkins*, 203 F.3d at 280.  A reasoned decision, even if based on incorrect facts, is not evidence of pretext.  *Pollard v. Rea Magnet Wire Co.*, 824 F3d 557, 559 (7th Cir. 1987).

The only evidence plaintiff has presented of discriminatory intent is plaintiff's unsworn statement that a Mr. McCrary, who was an appraiser in the Tax Assessor's office prior to Mr. Lifrage, told plaintiff "that's why there will never be a female appraiser in this county."  (Plaintiff's Response to Motion for Summary Judgment p. 15)  This statement is inadmissible hearsay pursuant to Federal Rule of Evidence 801.  Additionally, plaintiff fails to link this statement to the defendants she has named in this lawsuit.  *See Hill v. Lockheed Martin Logistics Mgmt., Inc.*, 354 F.3d 277, 291 (4th Cir. 2004) ("an employer will be liable not for the improperly motivated person who merely influences the decision, but for the person who in reality makes the decision").  Consequently, plaintiff has failed to show gender was the motivating factor or even a motivating factor in defendants' actions, including, but not limited to, the decision to terminate her employment.  Plaintiff has failed to establish a *prima facie* case of gender discrimination.  Since plaintiff has failed to satisfy her initial burden, it is not necessary for the court to carry the *McDonnell Douglas* analysis any further.

### Plaintiff's Showing of Evidence Relative to her Claims

Plaintiff objects to the Magistrate Judge's recommendation that plaintiff did not show sufficient evidence to support her claims against the defendants.  Defendants argue that none of plaintiff's arguments "are supported in the record or sufficient to survive summary judgment."

---

[3] "Proof that the employer's proffered reasons is unpersuasive, or even obviously contrived, . . . does not necessarily establish that [plaintiff's] proffered reason . . . is correct." *Reeves*, 530 U.S. at 146-47.  "It is not enough to disbelieve the [employer]."  *Love-Lane v. Martin*, 355 F.3d 766, 788 (4th Cir. 2004). Plaintiff must show a reasonable jury could "believe [her] explanation of intentional . . . discrimination." *Id*.

(Defendants' Response p. 6)  They also take issue with plaintiff's allegation that defendants did not cooperate in discovery.

**Disparate Treatment**

With regard to plaintiff's claim of disparate treatment for not being allowed to complete the licensing process to become an appraiser, the Magistrate Judge recommended that the plaintiff did not present sufficient evidence of the licensing procedure, what other employees were allowed to become licensed, and that she herself sought to be licensed.   In her objections, plaintiff states that "[a]ll material evidence, who, what, when and where have all been requested in Discovery and not received to date.   Clear evidence that the Defendant's [sic] do not provide equal employment opportunities to all employees."  (Objections p. 3)  Plaintiff does not appear to argue that she has presented sufficient evidence to establish disparate treatment, but that all evidence to support her claim for disparate treatment has not been produced by the defendants.

As to plaintiff's allegation that some evidence has "all been requested in Discovery and not received to date" (Objections p. 3) the defendants state: "The Plaintiff's contentions that the Defendants did not comply with various orders of the court to compel discovery are disingenuous." (Defendants' Response p. 1)  The Court's docket indicates that plaintiff's complaint was served on the defendants on April 15, 2002.  On April 26, 2002, the defendants filed a Motion for More Definite Statement.  Then, on September 13, 2002, the plaintiff served defendants with discovery requests. On October 11, 2002, defendants filed a Motion for Protective Order asking that responses to discovery requests be continued until after a ruling on their Motion for a More Definite Statement. On October 28, 2002, plaintiff filed her first Motion to Compel.  A hearing was held on January 15, 2003, to address the pending motions.  Defendants' Motion for a More Definite Statement was denied, but their Motion for Protective Order was granted and they were given thirty (30) days to

14

respond to discovery.  Defendants served the plaintiff with responses to her discovery requests on February 13, 2003.

Plaintiff filed a second Motion to Compel on August 15, 2003.  A hearing on this and other motions was held October 9, 2003.  Plaintiff's Motion to Compel was denied, but the parties were ordered to discuss the availability of certain documents and tape recordings which the defendants did not have in their possession.  Plaintiff was specifically advised by the Court that if she was not satisfied with the defendants' response, she could file another Motion to Compel.  Defendants served responses to the plaintiff's outstanding discovery requests on October 30, 2003.  No subsequent Motion to Compel has been filed.

The defendants assert that they have provided the plaintiff "with extensive documents from the Plaintiff's personnel file, the County's own files, as well as Ms. Martin's personnel files." (Defendants' Response p. 2)  Defendants further contend that plaintiff's claims are without factual support and her contention that the Court has not ruled on her Motions to Compel is incorrect.  This Court has reviewed its docket and has no Motions to Compel currently pending to be ruled on in this case.  The time for discovery in this case has long since passed.  The proper time for plaintiff to have presented the court with discovery concerns was during discovery, not in objections to the Report recommending dismissal of her claims.  Plaintiff's reliance on any discovery materials she claims are still in the defendants' possession is insufficient to establish any of her claims.

**Plaintiff's Claim that She was not Allowed Necessary Equipment**

Plaintiff claims that she was not allowed the necessary equipment to perform her duties.  The Magistrate Judge recommended that she presented only her own unsworn conclusory statements to present her claim.  In her objections, plaintiff contends that the equipment was available despite Ms. Martin's denial based on budgetary reasons.  She states:

15

The promotion to Assistant Appraiser states categorically that the duties of the appraiser was the same as the male appraisers. To review parcels. This cannot be done from inside the office. The equipment used by the appraisers is well known and without question. Why the Plaintiff should provide material facts for what is commonly known is not understood and would be available through witness's testimony, including Ms. Martin, Mr. Treme, and all of County Council.

Defendants argue that the original grievance filed by plaintiff related not to the computer, but to a dispute between plaintiff and Ms. Owens: "It was only after this suit was filed that Ms. Ahrens's various grievances with Pierce and Owens morphed into allegations of sex discrimination at the hands of Ms. Martin and Mr. Treme." (Defendants's Response p. 6) Defendants direct this Court to Exhibit three (3) to their Response, entitled "In re: Grievance - Olivia Ahrens Against Betty Owens Filed Monday March 2, 1998 with Assessor." The Addendum to this document specifically addresses the "Computer terminal requested by Olivia Ahrens, Assistant Appraiser, for new work station." That document addresses two (2) requests of the plaintiff: (1) a request for a computer terminal to be installed at her work station and (2) "could the terminal assigned to the new Assistant Drafter/Mapper be moved to this new work area temporarily?" As to the first request,

the cost involved in the hook-up would be $2634.18, with an additional cost of $482.40 per year for maintenance. This amount was not available in the budget for the Assessor's office for 1997-1998. The new budget for 1998-1999 was turned into the finance director on 2/9/98, and the cost factors were not included as a line item.

(Defendants' Response, Exhibit 3, p. 3).

As to plaintiff's request that the terminal be moved from the Assistant Drafter/Mapper the following determination was made:

The computer terminal assigned to the new Assistant Drafter/Mapper may not be relocated because in a matter of weeks, this person will begin to utilize the terminal in the learning of her duties. According to the job description . . . of Assistant Drafter/Mapper, the computer is an essential element to her duties and the completion of her job description. Under Mrs. Ahren's job description as Assistant Appraiser . . . , a computer terminal is not essential to the completion of her job description. She will not be required to key into computer programs any information at present. As

16

> Assistant Appraiser, she is responsible for visual and field appraisal of all real
> properties and mobile home, etc., must assess and appraise all real property in
> designated districts for reassessment program; and any other duties as assigned by the
> Assessor.

(Defendants' Response, Exhibit 3, pp. 2-3)

As noted above, plaintiff questions why she "should provide material facts for what is commonly known is not understood and would be available through witnesses's testimony." (Objections p. 3)  However, this Court is not aware of the equipment necessary for the plaintiff to perform her job.  While her allegations may be commonly known in her workplace, they are not known to this Court.  Additionally, plaintiff's statement that the information would be available through other witnesses is not sufficient to defeat a motion for summary judgment.  As discussed more fully above, plaintiff must present affidavits or sworn deposition testimony to support her allegation that she was not allowed the necessary equipment.  A party "cannot create a genuine issue of material fact through mere speculation or the building of one inference upon another." *Beale v. Hardy,* 769 F.2d 213, 214 (4th Cir. 1985).  Therefore, "[m]ere unsupported speculation . . . is not enough to defeat a summary judgment motion." *Ennis v. National Ass'n of Bus. & Educ. Radio, Inc.,* 53 F.3d 55, 62 (4th Cir. 1995).  Finally, plaintiff does not explain, with regard to the failure of her to receive this equipment, how she was discriminated against because of her gender.

**Plaintiff's Claim that She was Denied Opportunity for Promotion**

As to plaintiff's claim that she was denied the opportunity for promotion, the Report stated: "she fails to submit evidence of the qualifications necessary for the job, that she possessed the requisite qualifications, and that other employees outside her protected class were promoted and had the same qualifications as plaintiff."  (Report p. 22)  Plaintiff objects on the basis that her "request in discovery would show that the County nor Mr. Treme ever followed policy or procedure in

17

employment practices. This was not an only case." (Objections p. 4) Plaintiff alleges that, as examples of failure to follow policy or procedure, Geoffrey LiFrage was hired without a driver's license and Danny Brown was hired for a position without the qualifications posted while qualified persons were turned down. The plaintiff objects to the Magistrate Judge's statement that "the plaintiff inquired for the position of Mr. LiFrage after it was given." (Objections p. 4) She states:

> This is not true. The Plaintiff inquired as to who would be assistant assessor as the Plaintiff was not qualified as per the "Posting." The Plaintiff inquired about the open position after the promotions of which she was informed by Ms. Mart that she was not filling that spot. Only after an oral inquiry to the Supervisor did the Plaintiff receive a position of Assistant Appraiser without any knowledge of such position. The material requested through discovery would provide ample evidence of unfair employment practices.

(Objections pp. 3-4)

Plaintiff has provided this Court with no evidentiary support for her allegations. Plaintiff has failed to submit to this Court evidence of the qualifications necessary for the job, that she possessed the requisite qualifications, and that other employees outside her protected class were promoted and had the same qualifications as plaintiff. In fact, plaintiff concedes in her objections that she was not qualified for the position.

The parties agree that this case is properly analyzed under the *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973). Under this analysis, plaintiff has the initial burden of demonstrating a *prima facie* case of discrimination. In order to prove a *prima facie* case of discrimination for failure to promote, she must prove that (1) she is a member of a protected group; (2) she applied for the position in question; (3) she was qualified for the position; and (4) she was rejected for the position under circumstances giving rise to an inference of unlawful discrimination. *Taylor v. Virginia Union University*, 193 F.3d 219, 230 (4th Cir. 1999). There is simply no evidence before this Court of a position for which plaintiff was qualified, she applied for, and did not receive for discriminatory

18

reasons.

**Plaintiff's Claim that her Position was Created for Discriminatory Reasons**

As to plaintiff's claim that the position to which she was promoted was created for discriminatory reasons, she objects to the Magistrate Judge's statement that she lacks evidence sufficient to support her claim.  In her objections, plaintiff states

> The above "Posting" practices would strongly suggest that Williamsburg County procedure is self-serving at the least.  The job received by the plaintiff was not a position before she started inquiring about the next available job in the appraiser department.  Therefore, it was created to keep the Plaintiff from taking any action. Mr. W. E. Jenkinson told the Plaintiff's attorney, Mr. James Bell, that "he knew the Plaintiff was coming."  Suddenly she was promoted.  All requested in discovery.

(Objections p. 4)

Defendants argue that plaintiff's argument that her "promotion and raise [were] done in an effort to discriminate against her is simply nonsensical."  (Defendants' Response p.6)  Plaintiff's claim is that she was discriminated against when the County created the position of Assistant Appraiser for her.  Plaintiff was promoted in January of 1998 from a Class 17 to a Class 18 and an annual salary increase from $14, 138 to $14, 790.  (Defendants' Response, Exhibit 7)

The parties agree that this case is properly analyzed under the *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973).  Under this analysis, plaintiff has the initial burden of demonstrating a *prima facie* case of discrimination.  To establish a *prima facie* case of discrimination, plaintiff must show (1) she is a member of a protected class; (2) she was applied for the job and her job performance was satisfactory; (3) she suffered an adverse employment action; and (4) other employees who are not members of the protected class were retained under apparently similar circumstances.  *Bryant v. Bell Atlantic Maryland, Inc.*, 288 F.3d 124, 133 (4th Cir. 2002).

19

The Supreme Court has described an adverse employment action as one that "constitutes a significant change in employment status, such as hiring, firing, failing to promote, reassignment with significantly different responsibilities, or a decision causing a significant change in benefits." *Burlington Indust., Inc. V. Ellerth*, 524 U.S. 742, 761 (1998). Conduct short of "ultimate employment decisions–to hire, discharge, refuse to promote, etc.–can constitute an adverse employment action under Title VII." *Von Gunten v. Maryland*, 243 F.2d 838, 865 (4th Cir. 2001). Retaliatory harassment also can constitute an adverse employment action. *Id*. Plaintiff must establish that the challenged discriminatory acts of harassment adversely affected "the terms, conditions, or benefits" or her employment. *Id*. Additionally, plaintiff must show that the change was significant. *See Von Gunten*, 243 F.3d at 868. *See generally Burlington Indust., Inc. v. Ellerth*, 254 U.S. 742 (1998); *Crady v. Liberty Nat. Bank & Trust Co. Of Ind.*, 933 F.3d 132, 136 (7th Cir. 1993). Plaintiff fails to present evidence that the promotion she received was an adverse employment action.

**Plaintiff's Claims to a Hostile Work Environment**

Plaintiff claims she was subjected to a hostile work environment. She objects to the Magistrate Judge's statement that fails to present evidence that any harassment was sufficiently severe or pervasive to render the workplace abusive. Plaintiff alleges that:

> Ms. Martin direct[ed] Ms. Owens and Ms. Pierce to follow employees (witness testimony), to engage in unprofessional conversation with Councilman Samuel Drucker and only maintain this in her personal personnel file, to threaten the plaintiff at conferences, to have her son-in-law follow the Plaintiff and the Plaintiff's children, to have her daughter discuss this at her place of employment at Farmer's Telephone, to not allow the Plaintiff to take the state examination, and to have her husband wrongfully arrested the day prior to the termination would all constitute malicious harassment and severely altered conditions of employment and rendered the workplace abusive in the extreme. All of which was requested through discovery.

(Objections p. 5)

Additionally, plaintiff alleges that her witnesses, John Disher, Billy Stackley, and plaintiff's daughter,

20

"will testify to the harassment as first hand testimony."  (Objections p. 5)

In order to state a claim for hostile work environment, the plaintiff must show that the alleged harassment was severe and pervasive and based on plaintiff's gender. *Spicer v. Virginia*, 66 F.3d 705, 710 (4th Cir. 1995).  While the plaintiff may allege harassment, none of these allegations are referenced in the record.  Furthermore, the only direct evidence linking discriminatory intent against the plaintiff is plaintiff's unsworn statement that Mr. McCray, a former co-worker, once told her "that's why there will never be a female appraiser in this County."  (Plaintiff's Response to Motion for Summary Judgment p. 15)  There is absolutely no evidence that this statement can be linked to the defendants or that McCray was ever in a position to influence any decision regarding the plaintiff. Defendants assert that McCray was not even employed with the County when plaintiff was having her troubles complained of herein.

### Conclusion

I find as a matter of law that there are no genuine issues of material fact and defendants are entitled to summary judgment as a matter of law.  For the foregoing reasons, the undersigned overrules all objections, adopts the Report and Recommendation of the Magistrate Judge, incorporates it herein by reference, and **GRANTS** the defendants' motion for summary judgment as to plaintiff's federal causes of action.  This Court refuses to exercise jurisdiction over plaintiff's state law causes of action and they are, therefore, dismissed pursuant to 28 U.S.C. § 1367(c)(3).  The plaintiff's attention is directed to the provisions of § 1367(d), which tolls the statute of limitations period for thirty (30) days following dismissal of the suit in this Court.

**AND IT IS SO ORDERED.**

*(Signature on Following Page.)*

21

s/ R. Bryan Harwell
R. Bryan Harwell
United States District Court Judge

April 29, 2005
Florence, South Carolina